United States Court of Appeals
Fifth Circuit
**F I L E D**
May 15, 2007
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-20486
Summary Calendar

---

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

RATHNA MEN KING

    Defendant - Appellant

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
JUN 0 8 2007
MICHAEL N. MILBY, CLERK OF COURT

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-413-3

---

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Rathna Men King appeals his jury-trial conviction of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, MDMA, and less than 50 kilograms of marijuana, and possession with intent to distribute 50 grams or more of methamphetamine, and MDMA, and his concurrent 360-month prison sentences.

    King argues that trial counsel was ineffective for pursuing, as a defense theory, that the Government failed to prove beyond a

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable doubt that King knew the quantity or type of involved controlled substances because the argument was foreclosed by United States v. Cartwright, 6 F.3d 294 (5th Cir. 1993), and United States v. Gamez-Gonzalez, 319 F.3d 695, 699-700 (5th Cir. 2003).

As a general rule, we decline to review claims of ineffective assistance of counsel on direct appeal, although we may do so in exceptional cases. See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). Although King asserts that this court may review his ineffective-assistance claim because trial counsel's strategy and knowledge of the applicable law are ascertainable from the record, review of King's ineffective assistance of counsel claim at this juncture would require this court "to speculate as to the reasons for [counsel's] alleged acts and omissions." United States v. Kizzee, 150 F.3d 497, 502-03 (5th Cir. 1998) (quotation at 503). Accordingly, we decline to review King's ineffective assistance claim in this direct appeal. The judgment of the district court is affirmed without prejudice to King's right to raise an ineffective-assistance claim in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. We express no view on the merits of such a motion.

AFFIRMED.